RICHARD McCABE, *in rem, vs.* JAMES McREA AND SHIP EMPIRE AND NATHANIEL L. THOMPSON, claimant.

*Lien on vessels—writ for enforcing.*

The writ for enforcing a laborer's lien on a vessel, under Public Laws of 1858, c. 15 (R. S., c. 91, § 7), need not allege whether the labor was done before or after she was launched.

The lien attaches, notwithstanding the labor was performed for one who contracted with the owner.

McCabe *v.* McRea, Ship Empire, and Thompson.

If the claimant would avoid the lien, he must show that the laborer has knowingly surrendered or waived it.

A person claiming a lien, for labor on a vessel, is required to state in his specification, the name of the owner only when he knows it.

It is no defense, to an action for enforcing a lien on a vessel after she is launched, that the officer making the attachment took a receiptor.

Where, in an action to enforce a lien upon a vessel, brought by a laborer against one who contracted with the owner, the defendant is defaulted, such default is not evidence against the claimant as to the amount of the lien on the vessel.

The question, "For how much of the amount due from the defendant, the laborer has a lien on the vessel attached," is, under R. S., c. 91, § 16, at the request of either party, to be determined by a jury; and if a jury-trial be waived, this question shall be decided by the court, on a hearing or report of an auditor appointed by the court.

ON REPORT.

ACTION to enforce a lien for a balance due for labor, performed while in the employ of the defendant, on the ship Empire.

The vessel was launched Dec. 4, 1869, at eleven, A. M.

The writ was dated December 9th, and the attachment was made on the same day.

Nathaniel L. Thompson appeared as owner, and defended so far as it related to the validity of the lien claimed by the plaintiff.

There was evidence to show that the plaintiff was hired to labor on the vessel, at $1.50 per day, by the defendant, who had contracted to fasten the vessel by the job. There was also evidence tending to show that the plaintiff was to look to the principal defendant for his pay, and not to have a lien on the vessel. And there was evidence to the contrary. There was no evidence as to the number of days which the plaintiff worked.

There was no affirmative testimony that the plaintiff positively knew the name of the owner. The only evidence, bearing indirectly upon that point, was the following, to wit,—

The owner testified, substantially, among other things, that he had several conversations with the plaintiff on board the Empire while she was building, and frequently told him he must look to McRea for his pay; that witness had contracted with McRea, and

others named, for carpenter work by the job. McRea, called by the owner, testified substantially to the same.

The plaintiff testified that he had no such conversations in regard to wages with Thompson or McRea; that Thompson never told plaintiff he had let the vessel out to McRea, and that plaintiff must look to the latter for pay; that plaintiff never had any conversation with Thompson until after the vessel was launched, when plaintiff asked Thompson what he (plaintiff) should do about pay, as he understood McRea was not going to pay, to which Thompson replied, "hang him."

It appeared that McRea paid plaintiff twenty dollars before the commencement of this action.

An alternative receipt, in the usual form, to pay a certain amount or deliver the vessel to the attaching officer, etc., was put into the case.

The principal defendant was defaulted.

The action was continued on report, the full court to render such judgment and pass such decree, in the case, as the law and evidence required.

*Stone & Haley*, for the plaintiff.

*Dane & Bourne*, for Thompson.

The terms of the lien statute must be strictly complied with, by a party seeking the benefits of its provisions. *Bicknell* v. *Trickey*, 34 Maine, 281; *Robinson* v. *Bunker*, 38 Maine, 131.

The statute provides for two classes of cases,—one for work performed before the vessel is launched, and the other after. R. S., c. 91, § 7. It is the privilege of the owner to know under which he claims, and the allegation should be in the writ.

There is no evidence of the number of days worked, how much is due, or when he worked. The default of the principal defendant fixes his liability, but has no effect upon the question between the laborer and owner. *Thompson* v. *Gilmore*, 50 Maine, 435; *Miller* v. *Robinson*, 2 Allen, 610.

The names of the owners, if known, must be stated in the speci-

fication. Public Laws of 1838, c. 15, § 3 (R. S., c. 91, § 9). The statute is peremptory. Absolute knowledge can be had of but few things. Plaintiff did know the owner's name, but alleged in the specification that his name was unknown. This dissolved the lien. *Story* v. *Buffum*, 8 Allen, 35.

APPLETON, C. J. The plaintiff brings this action to enforce his lien for labor done by him, on the ship Empire, while in the employ of the defendant. The defendant has been defaulted. The owner resists the claim for a lien on various grounds, which will be considered in their order.

1. By statute of 1858, c. 15, § 1, a lien is given on vessels for labor thereon, both before and after launching. It is objected that the writ does not distinctly state whether the labor, for which a lien is sought to be enforced, was done before or after the vessel was launched. But the statute does not require that it should. It is enough that it is in the form prescribed by the statute. Were it necessary to be more specific, an amendment would be allowed if desired.

2. It is urged that the plaintiff was employed by the defendant, to whom he looked for pay, and to whom he was told to look for pay by the claimant. But this is the very case provided for in the form of the writ given by statute, which sets forth a claim for a lien for work done for the defendant, " who owes the same, neglects and refuses to pay."

By § 1, " any person, who furnishes labor and materials for building a vessel, shall have a lien upon such vessel therefor, which may be enforced, by attachment of the vessel, within four days after she is launched," etc.

The plaintiff having labored upon the Empire, has a lien thereon unless he has waived it by agreement or lost it by neglect. The lien is the result of labor. It is the statute security for labor. It attaches unless there is an agreement that it shall not. It attaches notwithstanding the labor is performed for a contractor, to whom it is charged. In *Purinton* v. *Hull of a New Ship*, 2 Curtis, 416, Mr. Justice Curtis, referring to the statute of this State, R. S., c. 125,

McCabe, *v.* McRea, Ship Empire, and Thompson.

§ 35, says, "upon the whole, I cannot avoid the conclusion, that the workmen on a vessel are entitled to a lien under this act, though they be employed by one who contracts with the owner." The act of 1858, c. 15, § 1, does not materially vary from R. S., c. 125, § 35, to which Mr. Justice Curtis refers. In the Sam Slick, 1 Sprague, 289, it was held that a charge for material made against the builder alone, without naming the vessel, did not constitute a waiver of the lien, nor was it conclusive evidence of an intention to rely upon the personal responsibility of the builder. In *Page* v. *Hubbard*, 1 Sprague, 335, Mr. Justice Sprague held that a maritime lien, for materials furnished a vessel built in Massachusetts, is not lost by the creditors taking the debtor's negotiable promissory note, which is produced at the hearing, and offered to be cancelled.

But in this case the plaintiff denies that any notice was given him that he must look to the defendant alone. The statute gives to the laborer a lien. It is for the claimant to prove that he has knowingly surrendered or waived such lien. This the evidence fails to show. It does not even show that the question of an abandonment of lien was distinctly presented for his consideration.

3. It was decided in *Story* v. *Buffum*, 8 Allen, 35, that a lien on a ship will be dissolved, if the person claiming it, in his statement says, that the owner of the vessel is unknown, when he has been informed, and believes, that she was owned by the person who, in fact, owned her. Assuming, but without assenting entirely to the correctness and applicability of that decision, yet the claimant fails to establish the facts within the principle of that case. It does not appear that the plaintiff knew the claimant owned the vessel. The inquiry was not made of him. The claimant does not even state that he informed the plaintiff of his title. Mere conjecture is not enough. The statute requires knowledge, before the owner's name is to be inserted. The proof does not satisfy us that the plaintiff knew in whom the title was.

4. By § 5, "If the vessel has been launched at the time of the attachment, she shall be attached in the manner provided by law for the attachment of personal property.

The attachment was made in the usual mode.  It appears, however, that the officer making the attachment took a receiptor.  But that has nothing to do with this case.  The issues, presented by § 14, are the amount due the defendant, and for how much of that amount the plaintiff has a lien.  Whether the officer retains the vessel in his possession, or not, are facts totally irrelevant.  If the officer has omitted or neglected his duty, the plaintiff has a remedy against him for such neglect.  It would be a novel defense against a just claim, that an officer, over whom the plaintiff has no control, has defeated the suit by his official neglect in not retaining the possession of property as he should have done.  If the officer cannot sell the vessel according to the provisions of § 17, he may be liable to the plaintiff, if such inability is the consequence of his neglects or omissions of duty, but it is no answer to the plaintiff's claim.

5.  The defendant has been defaulted.  But this default will not be evidence against the claimant.  The evidence shows labor done on the Empire, by the plaintiff, but it fails to show the amount and value of such labor.  By § 15, "If the parties waive a trial by jury, the questions in the fourteenth section hereof shall be decided by the court, upon a hearing, or upon the report of an auditor to be appointed by the court."

The evidence is satisfactory that the plaintiff has a lien for the amount of his labor.  That amount is to be determined, if the parties cannot agree, by the judge at *nisi prius*.

> *Judgment for the plaintiff that he has a lien upon the*
> *Empire for his labor upon the same,—the amount*
> *to be fixed by the judge at nisi prius.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.