## MOONEY v. MYERS.

If in an action of replevin in a justice's Court, the statement of demand, filed before the writ issued, state the value of the property, the omission of an averment of such value in the affidavit is not material.

The constable may retain the replevin-bond taken in such suit, until the rendition of final judgment.

ERROR to the *Carroll* Circuit Court.                  *Wednesday, June 3.*

SULLIVAN, J.—*Mooney* commenced an action of replevin
against *Myers* before a justice of the peace.    The affidavit
omitted to state the value of the property replevied, but a
separate cause of action, filed by the plaintiff before the writ
issued, contained an averment of its value.    The return to
the writ shows, that the property in controversy was taken
by the officer and delivered to the plaintiff, and that the
plaintiff entered into bond as required by law, but the bond
was not returned by the constable and filed among the pa-
pers in the case.    The parties appeared before the justice
at the trial, and judgment was given for the plaintiff.    The
defendant appealed to the Circuit Court.    After several con-
tinuances, the cause was dismissed by the Court and final
judgment given for the defendant.

The judgment of the Circuit Court is defended on the
ground, 1. That the affidavit on which the writ issued was
wholly defective in not stating the value of the property; and
2. That the bond required by the statute to be given by the
plaintiff was not returned to the justice.

VOL. V.—42*

May Term,     The first point is not tenable, as was decided by this Court
1840.     in the case of *Perkins* v. *Smith*, 4 Blackf. 299. The second
KLINGER     is equally untenable. The statute under which these pro-
v.     ceedings were had, Rev. Code, 1831, pp. 306, 7, does not
BROWNELL.     require the bond to be returned by the constable. If the
plaintiff do not prosecute his writ to effect, or if the defen-
dant succeed in his defence to the suit, it is made the duty of
the constable to assign the bond to the defendant, that he
may commence suit thereon. Until final judgment be ren-
dered, he may retain possession of the bond, and the nature
of the judgment will determine the disposition he is to make
of it.

There was no irregularity in the proceedings for which
the suit should have been dismissed.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded, &c.

*P. Sweetser*, for the plaintiff.

*W. Wright*, for the defendant.