WADE and Another *v.* REITZ and Another.

The notice of intention to hold a mechanic's lien should so describe the claim as to inform the public whether it is due or not due, and all ambiguities shall operate to the prejudice of the author of them rather than of the public.

No material alteration can be allowed in the notice, on filing a complaint upon it.

APPEAL from the *Vanderburgh* Circuit Court.

PERKINS, J.—On the 23d day of *January,* 1860, *Reitz* and *Haney* filed a complaint against *Wade* and *Dyson,* seeking to enforce a mechanics' lien upon a certain planing mill and machinery.

The notice of intention to hold a certain lien was filed in the recorder's office on the 6th of *November,* 1858, and stated that it was "for the sum of 1,000 dollars, that being the amount due said *Reitz* and *Haney* for," &c.

The suit was instituted fourteen and a half months after the notice to hold the lien was filed. And if the notice described a claim to be taken as due, then the complaint was filed fourteen and a half months after the claim became due. We think the notice describes a claim as due, and that the public, for whose information the notice was filed, had a right to so regard it. The statute giving a mechanic's lien contem-

plates two classes of claims, due, and not due; and the notice should so describe the claim as to inform the public to which class it belongs; and ambiguities should operate to the prejudice of the authors of them rather than to that of the public. See 2 R. S. p. 182, sec. 647, *et seq.*

The statute, after providing for the creation of the lien, further enacts: "Any person having such lien may enforce the same by filing his complaint in the Circuit Court or Court of Common Pleas, of the county where the work was done or materials furnished, at any time within one year from the completion of the work or furnishing the materials; or if a credit be given, from the expiration of the credit." Sec. 651, *Ibid.*

The lien of the mechanic is statutory, and to create and enforce it the statute must be complied with; and, as against third persons, no material alterations can be allowed in the notice, on filing a complaint upon it. See on the subject of mechanics' liens *Green* v. *Green*, 16 Ind. 253.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Chandler & Hynes*, for the appellants.

*Conrad Baker, Thos. E. Garvin* and *James Reid*, for the appellees.