# IN GENERAL TERM, 1873.

GEORGE W. HILL, Appellant, v. WILLIAM S. ARMSTRONG.

EXCEPTIONS—*bill of*—
LIEN—*mechanics.*

No question is presented on appeal, as to the correctness of any finding, matter of evidence, or ruling, without it shall be brought up by a bill of exceptions.

*It seems* that where notice of a lien shows all existing indebtedness, and is silent as to any credit thereon, proof that a credit was given would be inadmissible.

*E. A. Parker*, for appellant.

NEWCOMB, J.—The complaint in this case, sets forth, that in the year 1871, defendant contracted with one Jacob Coffman to erect upon a lot of defendant, a certain dwelling house ; that plaintiff sold and delivered to Coffman lumber and material for said house, which was used therein ; that said lumber, &c., was sold to said Coffman upon a credit of ninety days; that the same was of the value of one thousand dollars, no part of which had been paid, and that on·November 21st, 1871 and within sixty days from the date of the last delivery of material to Coffman, plaintiff filed in the Recorder's office of Marion county, his notice of intention to hold a lien on the lot, and building of defendant for the amount so due from Coffman, which lien was duly recorded, &c.

7.

The notice was set out in the complaint as follows:

INDIANAPOLIS, November 20, 1871.

*Wm. S. Armstrong, and all others concerned:*

You are hereby notified that Jacob Coffman, whom you employed to erect a dwelling house on lot four, and 28 feet north side lot 3, in Martindale's Central Addition to the city of Indianapolis, is indebted to me in the sum of one thousand dollars, on account of lumber furnished him, and which was used in the erection, and construction of said dwelling house, and that I hold you, and said property responsible to me for said sum of one thousand dollars; said lumber so furnished, was furnished by me at the special instance, and request of said Coffman, contractor as aforesaid, and within the last sixty days.                    GEO. W. HILL."

This notice was recorded November 21st, 1871, and the suit was commenced November 19, 1872. A demurrer to the complaint was overruled; issues of fact were then found; the cause was submitted to the Court for trial, and a special finding of the facts, and conclusions of law was had, and judgment rendered on such finding, in favor of the defendant.

The plaintiff excepted to the conclusions of law, and assigns the same as error.

The finding, after setting out the title of the cause, is as follows:

" I find in this case that Armstrong made a contract with Coffman to build him a house for a specified sum.

I find that Hill furnished Coffman lumber for the erection of the house, on which lumber so furnished, there is yet due, from Coffman to Hill, the sum of $417.32.

I find that Hill filed a notice of intention to hold a lien on the house, so built for Armstrong, which notice, and the time of filing appear in the papers.

I further find, that at the time of filing said notice of lien, Armstrong had fully paid Coffman, the contractor, for the

Hill *v.* Armstrong.

·erection of said house—paid the contract price of the house, and all extras.

On this state of facts I find the law to·be that Hill has no legal right to hold a lien on said house for said sum due him for lumber furnished to contractor Coffman. The judgment ·will, therefore, be for the defendant, and against the plaintiff .for costs. S. E. PERKINS."

Assuming, as we must in the absence of a bill of excep-·tions setting forth the evidence, that the Judge trying the ·cause stated in his special finding all the facts that were proved, we entertain no doubt that his conclusions of law, ·upon the facts, were correct.

It was essential to a recovery, that the plaintiff should prove, in addition to the facts found:

1st. That he filed his notice of intention to hold a lien, in the Recorder's office, within sixty days " after the comple-·tion of the building, or repairs." 3 *Ind., Stat.,* 336, *Sec.* 650. The special finding fails to. show that the notice was filed ·within the statutory time.

2d. That the lumber was furnished Coffman within one year previous to the commencement of the suit, or if a credit was given, within one year from the expiration of the credit. :3 *Ind., Stat.,* 337, *Sec.* 651. The special finding does not .show that there was any evidence given on these points.

Indeed, it is questionable, whether proof that a credit was .given would have been admissible in this case, inasmuch as the notice was of an existing indebtedness, and was silent as to credit having been given to Coffman on his purchase of ·the lumber in question. See *Wade* v. *Reitz,* 18 *Ind.,* 307.

No motion was made at Special Term touching the special finding; but a motion for a new trial was filed, which was ·overruled, and the plaintiff excepted. The evidence, how-·ever, is not brought before us by a bill of exceptions; con-·sequently no question is presented, as to the correctness of

the special finding on the facts. *Peden's, Administrator,* v. *King,* 30 *Ind.,* 183.

The judgment at Special Term is affirmed, at the costs of the appellant.