# IN GENERAL TERM, 1873.

GEORGE W. HILL, Appellant, *v.* CHARLES W. STAGG.

MECHANICS' LIEN—

NOTICE—

PRACTICE.,

In an action to enforce a mechanics' lien, the notice must be filed within sixty days from the date of the last item of the account for work done or materials furnished, or if a credit be given, from the expiration of the credit. The debt becomes due .on the delivery of the materials, f no time is given by contract, when the year within which suit must be brought, commences to run.

The law of mechanics' lien is to give security, not only to the mechanic for a reasonable period, but to subsequent purchasers after that period, and the notice of lien, therefore, should so describe the claim as to inform the public to which class it belongs, whether of claims due, or not due and any ambiguities in such notice will operate to the prejudice of the authors of them, rather than to that of the public.

A notice to acquire a mechanics' lien cannot be reformed, as a mortgage created by the act of the owner can be to make it conform to intention—it must meet the requirements of the Statute.

It is discretionary with the Court to permit an answer to be withdrawn, and a demurrer instead to be filed.

*E. A. Parker*, for appellant.
*Morrow & Trusler*, for appellee.

PERKINS, J.—On the 21st of November, 1871, George W.

Hill filed in the Recorder's office of Marion county, a notice of which the following is a copy:

INDIANAPOLIS, November 20, 1871.

*To Charles W. Stagg, and all others concerned:*

You are hereby notified, that Jacob Coffman, whom you employed to erect a dwelling house on lots 10 and 11, in square 13, Drake's addition to the city of Indianapolis, Marion county, Indiana, is indebted to me in the sum of eight hundred dollars, on account of lumber furnished him, and which was used in the erection and construction of said dwelling house; and that I hold you and said property responsible to me for the payment of said $800. Said lumber so furnished, was furnished by me at the special instance and request of said Coffman, contractor, as aforesaid, and within the last sixty days.      GEORGE W. HILL.

On the 18th day of November, 1872, said George W. Hill commenced a suit to enforce a mechanics' lien for the amount specified in said notice, upon the house of Stagg, making one Cynthia A. Hedges, who claimed some interest in the property, a co-defendant.

The account on which the suit was based, did not show that the articles composing it were sold on a credit, but the complaint contained an averment that such was the fact. The cause was put at issue by answer and replication.

Afterward, the Court permitted the answer to be withdrawn, and a demurrer to be filed to the complaint.

This action of the Court is assigned for error.

It was a matter in the discretion of the Court. *Morris* v. *Graves*, 2 *Ind.*, 354.

The Court sustained the demurrer to the complaint, which ruling was excepted to, and, the plaintiff failing to amend, final judgment was entered for the defendant. This ruling, upon demurrer, presents the remaining question for decision

in the cause. Conceding, for the purposes of this case, that a lien had been created, was the suit for its enforcement commenced in time?

Section 651, 3 Statutes of Indiana, page 337, under which this suit was instituted, reads thus:

" Any person having such lien, (mechanics' lien) may enforce the same by filing his complaint, &c., at any time within one year from the completion of the work or furnishing the materials; or, if a credit be given, from the expiration of the credit."

The first item of the account sued on is dated August 31, 1871, and the last is dated October 13, 1871. This suit, as we have before stated, was instituted on the 18th of November, 1872, over a month more than a year from the date of the last item of the account sued on.

As neither the notice filed to acquire the lien, nor the account filed with the complaint, shows that any credit was given on the account, it purports to have become due at the date of the last item. This was decided in *Mooney* v. *Myers*, 5 *Blackf.*, 331, a mechanics' lien case. Judge Sullivan, in delivering the opinion of the Court says:

" Where in a contract for the sale of goods, no time is given for payment the law implies a contract to pay for them on delivery. The debt, then, having become due on the delivery of the materials, the notice should have been filed within sixty days from that time."

So, in this case, the debt having become due according to the notice, at the date of the last item of the account, it would seem that this suit should have been instituted within one year from that date.

But it is contended that though the notice filed to acquire a lien, describes the claim as being due, still, that that notice may be varied by parol evidence; that the claim described therein as due, may be shown, by such evidence, under a

proper averment in the complaint, to be payable after the expiration of a credit, and that the suit was thus brought in time.    But this doctrine is in conflict with the case of *Wade* v. *Reitz*, 18 *Ind.*, 307, in which it is said : " The statute giving a mechanics' lien contemplates two classes of claims, due and not due ; and the notice should so describe the claim as to inform the public to which class it belongs ; and ambiguities should operate to the prejudice of the authors of them, rather than to that of the public."

This decision was made about eleven years ago, and has not, as we are advised, been overruled.    Nor do we think it should be disregarded by this Court.

What appears to have been the object of the Legislature in authorizing the creation of these mechanics' liens, and prescribing the mode, and limit as to time, of their enforcement?    Plainly to give security to the mechanic for a reasonable period, and protection to subsequent purchasers and incumbrancers after that period.    The Statute authorizes the mechanic to file his lien within sixty days, &c., and to enforce it by suit within one year from the time it becomes due.    If not enforced by suit within that period of time, the lien expires by mere operation of law, without any act of the parties; and they are created, and they die upon a public record, that the public may be definitely informed of each event.    But if, in taking his lien, the mechanic can describe it as due at one time, and then, in his suit to enforce it, prove it due in fact by private contract between the parties, at another, perhaps a time six years later, of what use is the notice as a means of information as to when the lien will expire by delay in bringing suit ?

Certainly, public policy requires that such a practice, under the mechanics' lien act, should be required, as will tend to secure stability to titles to land, prevent fraud, and facilitate its sale and purchase, and especially, where such practice imposes no hardship on the party taking the lien.

Hill *v.* Stagg.

As analagous in principle, we may cite those cases, and they are numerous, where the notice to acquire the lien fails to describe with accuracy and definiteness, the property on which the lien is sought to be acquired.

It should be remembered that these mechanics' liens are not created, as in case of mortgages, by the voluntary act of the owner of the property, but forced upon it, *in invitum* the owner, by the *exparte* act of the creditor; hence, he should be held strictly to the lien he has thus created, both as against the owner of the property and the public. Accordingly, it was held in *Lindley* v. *Cross*, 31 *Ind.*, 106, in a suit against the owner of the property, where the right of no third party intervened, that a notice to acquire a mechanics' lien could not be reformed, as a mortgage created by the act of the owner could have been, to make it conform to intention. The Court says: " The lien of the mechanic or material man is created by Statute, and before either can avail himself of such a lien the Statute must be complied with. The notice charged in each paragraph of the complaint was insufficient to create the lien, and the Court had no power to reform it." See, also, *Munger* v. *Green*, 20 *Ind.*, 38; *Hornell* v. *Zerbee*, 26 *Ind.*, 214.

The judgment at Special Term is affirmed.