# SCHNEIDER *v.* KOLTHOFF ET AL.

MECHANIC'S LIEN.—*Notice.*—*Should State Whether a Credit was Given.*—The statute giving a mechanic's lien contemplates two classes of claims, those due and those not due; and the notice should so describe the claim as to inform the public to which class it belongs.

SAME.—*Rights of Subsequent Purchaser.*—Where the notice does not state that a credit has been given on the claim, subsequent purchasers or encumbrancers may assume that no credit was given, and that an action to enforce the lien would have to be brought within the year.

SAME.—*Limitation.*—An action can not be brought to enforce a lien for work or materials, the notice of which mentions no credit, against such a purchaser, after the expiration of the year, though a credit in fact was given.

SAME.—*Promissory Note Payable in Bank.*—An action can not be maintained to enforce a mechanic's lien for work or materials, for which the debtor has executed to the plaintiff his promissory note payable in bank.

From the Marion Superior Court.

*A. G. Porter, W. P. Fishback* and *G. T. Porter,* for appellant.

*J. Buchanan, M. B. Williams* and *C. D. Whitehead,* for appellees.

WORDEN, J.—This was an action by the appellant, Conrad P. Schneider, against Henry Kolthoff and his wife, Gottlieb Berner, executor of Gottfried Zeyher, deceased, and John C. Cress, to enforce a mechanic's lien.

The complaint was in several paragraphs, which were all alike in respect to the points on which the case must be decided.

It appears by the complaint, that materials were furnished, and work and labor done, by the plaintiff, to and for the deceased, Zeyher, in his lifetime, in the erection of a house upon a described lot. Zeyher afterward conveyed the lot to Kolthoff, and Cress was made a party, on the allegation that he claimed some interest in the premises. After the completion of the building, viz., on June 2d, 1873, the said Zeyher executed to the plaintiff two several promissory notes, payable to the order of the

plaintiff at Ritzinger's Bank, Indianapolis, Ind., each for the sum of two hundred and thirty dollars, payable respectively in one and two years, for the amount due for the work and materials.

On June 11th, 1873, the plaintiff filed in the recorder's office the following notice of his lien, viz.:

"NOTICE OF MECHANIC'S LIEN.

"INDIANAPOLIS, June 11th, 1873.

"To Gottfried Zeyher and all others concerned: You are hereby notified that I intend to hold a mechanic's lien on lot (22) twenty-two, in Greenleaf's subdivision of out-lot seventy-eight, city of Indianapolis, as well as upon the dwelling-house recently erected thereon by you, for the sum of five hundred and sixty dollars, for work and labor done and materials furnished by me in the erection and construction of said house, which work and labor done and materials furnished were done and furnished by me at your special instance and request, and within the last sixty days.

(Signed,)    "CONRAD P. SCHNEIDER."

This action was commenced Nov. 16th, 1874.

Kolthoff and Cress each demurred to the complaint, for want of sufficient facts, and the demurrers were sustained, and the plaintiff excepted. Final judgment for defendants Kolthoff and Cress.

The judgment was affirmed on appeal to general term.

The statute provides for the enforcement of a mechanic's lien by an action brought "at any time within one year from the completion of the work or furnishing the materials, or if a credit be given, from the expiration of the credit." 2 R. S. 1876, p. 269, sec. 651.

This action having been brought more than a year after the completion of the work and the furnishing of the materials, the question arises, whether it can be maintained as against purchasers of the property subsequent to the acquirement of the lien. In other words, was the notice of the lien sufficient to advise such pur-

chasers that a credit had been given, and, therefore, that an action might be brought to enforce the lien at any time within a year from the expiration of the credit?

The statute provides, that "Any person wishing to acquire such lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, within sixty days after the completion of the building or repairs, notice of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed," etc. 2 R. S. 1876, p. 268, sec. 650.

The statute does not, in terms, require the notice of the lien to state that a credit has been given, where such is the case; but, as the chief object of filing the notice in the recorder's office, and having it recorded, is to give notice to the public of the fact, nature and character of the lien, we think it should state the credit, where it has been given; and that, if it do not, subsequent purchasers may act on the theory that none was given. The notice of the lien, it seems to us, should state the fact and length of the credit, where credit has been given, so that subsequent purchasers may know within what time an action must be brought to enforce the lien. If the notice of the lien do not state that a credit has been given, it may well be assumed by subsequent purchasers or encumbrancers that none was given, and that the action to enforce the lien would have to be brought within the time limited, in case no credit was given.

Take a case by way of illustration: A builder agrees to build a house for the owner of a lot, and to wait two years from the completion of the building for his pay. The house is built, and notice of the lien is filed, stating nothing about the credit given. A subsequent purchaser or encumbrancer has a right to assume that no credit was given, because the notice specifies none. Unless a credit is given, the law implies an agreement to pay for the work as soon as completed. Such subsequent purchaser

or encumbrancer has, therefore, the right to assume in such case, that an action to enforce the lien must be brought within a year from the completion of the building, and, if not so brought, that the lien is discharged. If, as against him, an action can be brought to enforce the lien at any time within three years from the completion of the building, or, in other words, within one year from the expiration of the credit, he is misled and defrauded by the notice of the lien. If the notice had specified the credit, he would have been advised of the right of the lien holder to bring his action at any time within three years, and could not have been defrauded or misled.

The case of *Wade* v. *Reitz*, 18 Ind. 307, is in point. There the court said: " The statute giving a mechanic's lien contemplates two classes of claims, due, and not due; and the notice should so describe the claim as to inform the public to which class it belongs."

We are of opinion, for these reasons, that the action was brought too late against the parties demurring, and, therefore, that the demurrers to the complaint were properly sustained.

There is another ground on which the demurrers were properly sustained, which does not appear to have been considered in the court below. The plaintiff took notes from his debtor for the amount of his claim, governed by the law merchant. This, unless there was an agreement to the contrary, which does not appear, operated as a payment of the original indebtedness; and, when the original indebtedness was paid, there could, of course, be no lien on the property to secure its payment. *Hill* v. *Sloan, ante,* p. 181.

The judgment below is affirmed, with costs.