BABER *v.* RICKART ET AL.

EVIDENCE.—*Admissibility.*— *Warranty.*—Where, upon the trial of an action, the question in issue was whether a certain ditching machine sold with warranty by the plaintiff to the defendant would perform in a certain manner, at a certain place, as specified in the warranty, evidence as to the manner in which it performed at a certain place in another state was competent, as tending to prove its capacity at the place specified in the warranty.

DEPOSITION.—*Commission.*—Where a deposition purports to have been taken before, and to be certified by, an officer in another state, and the record does not set forth a commission, or show that one was issued, such deposition cannot be used in evidence in this State.

SAME.—*Authentication.*—Where a deposition, purporting to have been taken before a justice of the peace of another state, is authenticated only by the certificate of said justice, and there is in the record no commission containing the name of the officer before whom the deposition was to be

taken, the deposition will be suppressed on motion, or excluded, for want of authentication.

SAME.—If there be in the record a commission naming the officer before whom the deposition is to be taken, such certificate of the officer will be sufficient, but if there be a commission which does not name the officer, and the officer by whom the deposition is certified have no seal, his certificate must be authenticated by the certificate and seal of the clerk or prothonotary of a court of record of the county in which said officer exercises the duties of his office.

SAME.—*Justice of the Peace of Another State.*—A justice of the peace of another state cannot be allowed, in a court of this State, to correct his certificate to a deposition purporting to have been taken in said other state.

From the Warren Circuit Court.

*J. McCabe,* for appellant.

*W. P. Rhodes* and *M. Milford,* for appellees.

BUSKIRK, J.—The appellees sued the appellant upon two promissory notes. The appellant answered that the notes were given for and in consideration of the right to make, use and vend a certain patented ditching machine, within certain prescribed limits; that the appellees warranted that said machine would do certain work; that upon a proper test the said machine had utterly failed to perform as warranted; and that such machine was utterly worthless. Reply in denial, trial, verdict and judgment for plaintiffs.

A new trial was asked, upon the grounds that the court had erred in overruling a motion to suppress the depositions of Hoover, Cole, and Lope, and in permitting said depositions to be read in evidence, over the objection and exception of appellant. These questions are presented by the bill of exceptions as follows:

"Be it remembered that, at the proper time, the defendant moved the court to suppress the depositions of James Hoover, William Cole and Zachariah Lope, on the ground that the questions and answers of the said witnesses were not pertinent to the issues in the said cause, and on the further ground that the certificate of the officer before whom said depositions purported to be taken was defective, in this, that it was unauthenticated, and that said certificate did not state

the time and place of taking said depositions with sufficient
certainty; and thereupon the plaintiff moved the court for
leave to amend said certificate, and produced immediately
in open court ——, the justice of the peace who had cer-
tified the said depositions, and the plaintiff's attorney, with
the permission of the court, over the objection of the defend-
ant, interlined the said certificate to said deposition, in one
place the words 'Newell township in,' which words appear
in parenthesis and after the words 'at my office in' and
before the words 'the county,' and in another place after the
words 'said day' and before the words 'in testimony' inter-
lined the words 'agreeably in all respects with the require-
ments of the inclosed notice herein,' which latter words are
also included in parenthesis in said certificate; and said
attorney thereupon erased the name of Jas. S. Johnson from
the bottom of said certificate, and the aforesaid person, the
said justice, was then, with like permission of the court, over
the objection of the defendant, allowed to sign his name of
Jas. S. Johnson to said certificate; to all of which rulings the
defendant at the time excepted; and said depositions, with
the amendments as aforesaid to the certificate thereto attached,
appear hereinafter at full length, to which reference is had;
and the court thereupon overruled defendant's motion to sup-
press said depositions, to which ruling of the court the
defendant at the time excepted."

Upon the trial, the defendant objected to the reading of
said depositions, as appears from the bill of exceptions:

"And the plaintiff offered to read the aforesaid deposi-
tions of James Hoover, William Cole and Zachariah Lope; to
the reading of which the defendant objected, on the ground
that the court had erred in allowing the certificate attached
thereto to be amended as above specified, and because said
certificate was void, being unauthenticated, vague and uncer-
tain as to the time and place of taking said depositions, and
because said depositions were irrelevant to the issues and
incompetent evidence, but the court overruled said objec-
tion and allowed said depositions to be read in evidence; to

which ruling the defendant at the time excepted, and said depositions read as follows."

The warranty was, that the machine would do a certain amount and quality of work in Madison county, Ohio. The appellant offered evidence tending to prove a breach of warranty in Madison county, Ohio. The plaintiffs, by the depositions in question, sought to prove the quantity and quality of work done by said machine, or rather, by machines of the same pattern and construction, in Vermillion county, in the State of Illinois, and the question arises whether such evidence was competent and material. The fact to be proved was, whether the machine performed in the manner and place specified in the warranty. Evidence as to the manner in which such machine performed at another place would tend to prove the capacity of the machine to perform at the place specified in the warranty. The weight of such evidence would greatly depend upon the difference in the soil and the other surroundings of the two places. Such a machine might perform well in one character of soil, and yet would fail in another and different character of soil. Evidence ought not to be excluded because it is entitled to but little consideration and weight. The difference between the competency and weight of evidence is marked and clearly defined. That which is competent, whether weak or strong, should be admitted. That which is incompetent, no matter how convincing, should be excluded. Evidence which tends to prove some fact in issue is admissible. *Denman* v. *McMahin,* 37 Ind. 241. The court determines the competency of evidence, and the jury considers and weighs it and gives it such weight as it is entitled to. We think the evidence was competent.

The depositions in question purport to have been taken before and certified by a justice of the peace in the State of Illinois. There is no commission in the record and no evidence that any was issued. A commission is imperative when a deposition is taken without the State; and without such commission, such non-resident officer has no authority

to take the deposition. *The M., I. & P. R. R. Co.* v. *White-sel,* 11 Ind. 55 ; *Boggs* v. *The State,* 8 Ind. 463.

The depositions are authenticated only by the certificate of the justice before whom they were taken. This would be sufficient, if a commission was issued which contained the name of the officer before whom the deposition was to be taken ; but if the commission does not specify the name of the officer, and he has no official seal, his certificate shall be authenticated by the certificate and seal of the clerk or prothonotary of any court of record of the county in which the officer exercises the duties of his office. Sec. 261, 2 G. & H. 177; *Hobbs* v. *Godlove,* 17 Ind. 359. But it is claimed by counsel for appellees, that the question of authentication is not before us, because the commission is not in the record, and that we cannot determine whether it contained the name of the officer before whom the depositions were to be taken.

The appellant moved to suppress, and objected to the reading of the depositions in evidence, upon the ground, among others, that they were unauthenticated. As the depositions appear in the record, they are unauthenticated. If there was a commission which named the officer, it should be in the record. We have to decide the case from the record, as it appears before us. As it stands, there was no authentication. The certificate of the justice, conceding that he was named in the commission, was defective. The justice possessed no power to amend his certificate in this State. His power and authority were conferred by the constitution and laws of Illinois. They could only be exercised within that State. His authority is recognized in this State when authenticated in the manner prescribed by our statute; that is to say, his certificate is sufficient if he was named in the commission, and if not so named, then it must be authenticated by the seal of the clerk or prothonotary of the county where he exercises his office.

Justices of the peace possess no common law jurisdiction. Their powers are conferred and defined by statute. They

possess no extra-territorial jurisdiction. The courts of this State cannot take judicial notice of the laws of another State. *Hawkins* v. *The State*, 24 Ind. 288; *Caffrey* v. *Dudgeon*, 38 Ind. 512, and authorities cited. By the laws of this State, a justice of the peace of another state is empowered, within his jurisdiction, to take and certify depositions; but we know of no statute or practice which will authorize a justice of the peace of another state to come into this State and exercise the functions of his office.

The judgment is reversed, with costs; and the cause is remanded for a new trial.