Teal *et al.* *v.* Spangler.

---

No. 7315.

TEAL ET AL. *v.* SPANGLER.

PRACTICE.—*Pleading.*—*Complaint.*—*Demurrer.*—*Supreme Court.*—*Appeal.*
—Where the facts alleged in a complaint are sufficient to entitle the plaintiff to some relief, its sufficiency to entitle him to the relief demanded can not be presented for the first time in the Supreme Court. Such objection can not be presented even by demurrer, and

Teal *et al. v.* Spangler.

much less after a judgment by default, upon an assignment of error on appeal.

SAME.—*Judgment.—Form of.*—Where no objection has been made in the trial court to the form of the judgment, and no motion made there to modify or correct it, its sufficiency will not be considered by the Supreme Court on appeal.

MECHANIC'S LIEN.—*Negotiable Promissory Note.—Payment.—Presumption.—Pleading.*—The taking of a promissory note, negotiable by the law merchant, by a mechanic, for work and labor done and material furnished in the erection of a building, is a payment therefor, unless it is otherwise agreed by the parties. Nor will an allegation in the complaint on such note and to foreclose lien, that the note was given evidencing the debt only, rebut the presumption of payment arising from the character of such note. Nor can an agreement that it should not operate as a payment be inferred from the fact that such note was made payable one day after date, or from the fact that the payee thereof filed a notice of his lien on the day the note was dated.

From the Hancock Circuit Court.

*C. G. Offutt* and *W. H. Martin*, for appellants.

*J. L. Mason* and *J. H. Mellett*, for appellee.

HOWK, J.—In this action the appellee sued the appellants, Teal and Puterbaugh, upon a promissory note, executed by them to the order of the appellee, and payable at the office of the Greenfield Banking Company. In his complaint, the appellee alleged that the note was given by said Teal and Puterbaugh for work and labor done and materials furnished for them, and at their request, by the appellee, in the erection of certain buildings situate on certain real estate, particularly described, in Hancock county, Indiana; that all said materials were furnished by appellee to be used, and were used, in the erection of said buildings; and that, within sixty days after the completion of said work, the appellee had filed "his mechanic's lien" in the recorder's office of said Hancock county, which was then and there duly recorded, and a copy thereof was filed with and made a part of his complaint.

The appellant Sinker, Davis & Co., a corporation of that name under the laws of this State, was made a defendant to the action, for the reason that it claimed to hold a mortgage

and mechanic's lien upon the premises described in the complaint, which were junior to the appellee's claim.

The separate demurrer of said Sinker, Davis & Co. to the complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and its exception was saved to this ruling; and it then answered by a general denial of the complaint. The appellants Teal and Puterbaugh, having been personally served with process, and failing to appear, were duly defaulted.

A trial of the cause by the court resulted in a finding for the appellee for the amount due on the note in suit, and that the same was secured by a mechanic's lien, as alleged in his complaint; and, over the motions of said Sinker, Davis & Co. for a new trial and in arrest of judgment, and its exceptions saved, judgment was rendered for the appellee upon, and in accordance with, the finding of the court.

The appellants Teal and Puterbaugh have jointly assigned the following errors:

1st. The complaint did not state sufficient facts to constitute a cause of action;

2d. The complaint did not state facts sufficient to entitle them to the relief demanded; and,

3d. On the whole record, the appellee was not entitled to a foreclosure of his alleged mechanic's lien, nor to a judgment and decree for the sale of the specific property therein described.

It is certain, we think, that neither one of these supposed errors is well assigned. The complaint stated a good cause of action against Teal and Puterbaugh; it would have been good, if they had demurred thereto for the want of sufficient facts, and it is surely good after a finding and judgment thereon. It counted upon their promissory note, executed by them to the appellee, alleged that said note was "justly due and wholly unpaid," and a copy thereof, marked "Exhibit A" was filed with, and made a part of said complaint.

These facts were certainly sufficient to entitle the appellee to some relief; and the question, as to whether they were or were not sufficient to entitle him to the relief demanded, is one that can not be presented for the first time in this court. An objection to the relief demanded can not be presented even by a demurrer; and much less can it be made, after a judgment by default, upon an assignment of error that the relief asked for was not authorized by the facts stated. *Bennett* v. *Preston*, 17 Ind. 291; *Goodall* v. *Mopley*, 45 Ind. 355; *Baker* v. *Armstrong*, 57 Ind. 189.

The appellants Teal and Puterbaugh are in no condition to complain of either the form or substance of the judgment below, or of any part of it, in this court. They neither objected nor excepted, in the trial court, to the judgment as rendered; and we need hardly say that such an objection, made for the first time here, will present no question for our decision. *Smith* v. *Dodds*, 35 Ind. 452; *Lewis* v. *Edwards*, 44 Ind. 333; *Smith* v. *Tatman*, 71 Ind. 171.

The appellant Sinker, Davis & Co. complains in this court of the alleged error of the circuit court in overruling its demurrer to appellee's complaint. In discussing this error the appellant's counsel say: "The complaint and copy of the note, which is marked 'Exhibit A,' and made a part of said complaint, show that the original indebtedness had been paid. The note is governed by the law merchant. This, unless there was an agreement to the contrary, which does not appear by the allegations of the complaint, operated as a payment of the original indebtedness; and when the original indebtedness was paid, there could of course be no lien." In support of their position and argument, counsel cite the case of *Hill* v. *Sloan*, 59 Ind. 181. In that case, it was decided that where a builder executes to the material-man a promissory note, payable at a bank in this State, and, therefore, governed by the law merchant, for the amount due for the materials furnished for the building, on which

the material-man claims a mechanic's lien, such note will operate as a *prima facie* payment of the account for which it was given. In *Schneider* v. *Kolthoff*, 59 Ind. 568, suit had been brought below to enforce a mechanic's lien, and the defendant's demurrer to the complaint, for the want of sufficient facts, had been sustained and judgment rendered accordingly. On appeal, the judgment below was affirmed; and WORDEN, J., speaking for the court, said : "The plaintiff took notes from his debtor for the amount of his claim, governed by the law merchant. This, unless there was an agreement to the contrary, which does not appear, operated as a payment of the original indebtedness ; and, when the original indebtedness was paid, there could, of course, be no lien on the property to secure its payment."

In the more recent case of *Smith* v. *Bettger*, 68 Ind. 254, the law on the subject under consideration was again declared by this court, BIDDLE, J., delivering the opinion, as follows : "That taking a bill of exchange, or a promissory note governed by the law merchant, by the creditor from his debtor, for an existing debt, is a payment of the debt, unless it is otherwise agreed by the parties, and the onus of proving such agreement would lie upon the creditor." Substantially the same doctrine was enunciated in *Maxwell* v. *Day*, 45 Ind. 509, and it must now be regarded, we think, as the settled law of this State.

We do not understand that the appellee's counsel controvert the law, as we have stated it ; but they insist that "the allegation that the note was given evidencing the amount of the indebtedness rebuts the presumption of payment that would otherwise arise from the character of the note." The allegation referred to was made by the appellee alone, long after the execution of the note in suit, and, to our minds, it does not even tend to show that it was agreed by and between the makers and payee of the note, at the time of its execution, that it should not operate as a payment of the

original indebtedness. Nor do we think that such an agreement can be reasonably inferred from the fact that the note was made payable one day after date, or from the further fact that the appellee filed the notice of his lien in the recorder's office for record on the day of the date of the note. These facts may tend to show that the appellee did not intend to waive his lien, and did not regard his acceptance of the note as a payment in law of the original indebtedness; but they utterly fail to show any agreement by the parties to the note that it should not operate as such payment.

We are of the opinion, therefore, that the facts stated in appellee's complaint were not sufficient on the demurrer thereto of the appellant Sinker, Davis & Co., to constitute a cause of action, and that the court erred in overruling its demurrer to the complaint.

The judgment against the appellants Teal and Puterbaugh is affirmed, at their costs.

The judgment against the appellant Sinker, Davis & Co. is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.