JOSEPH H. DAVIS *vs.* GEORGIANA B. PARSONS & others.

Suffolk.    November 15, 16, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Mechanic's Lien — Promissory Note — Payment — Bar.*

A. made an oral contract for an entire sum with B., by which A. was to do the plastering in a house which belonged to C.    After A. had done the greater part of the work, and had received two payments on account, having a promissory note to pay, he asked B. for an additional payment on account, which B. declined to make, but gave A. his promissory note, which A. indorsed to a third person, who had it discounted.    B. was unable to pay the note at maturity, and A. took it up himself.    A. did not complete his contract until after the note matured, and the amount due him thereunder was more than the amount of the note, which was never paid by B.    A. brought a petition against C. to enforce a mechanic's lien, and surrendered the note in court.    *Held,* that these facts warranted a finding that the note was not payment.

If a promissory note, given to a person who has performed labor upon the house of another under a contract with the maker of the note, was not payment when given, its negotiation by the payee, who, in consequence of the inability of the maker to pay it, takes it up at maturity before filing his claim for a lien, and surrenders it in court, does not bar his right to have his lien established.

PETITION to enforce a mechanic's lien, under the Pub. Sts. c. 191, for labor performed and materials furnished in the erection of a building in Boston.    Trial in the Superior Court, without a jury, before *Mason,* C. J., who allowed a bill of exceptions in substance as follows.

The case was heard upon the following agreed facts.    At the hearing before an auditor, to whom the case was referred on November 11, 1891, it was agreed by the parties in writing, and it is now agreed as a fact, that the petitioner was entitled to maintain his lien for the sum of $800, and interest thereon from April 30, 1888, unless a promissory note for $800, given by Charles O. Wentworth to the petitioner, and dated February 1, 1888, is to be treated or regarded as payment upon the petitioner's claim, or as an objection to maintaining his lien; and the auditor heard the parties upon this single issue.

In the fall of 1887 the petitioner made an oral contract with Wentworth to do the plastering in the house No. 250 Beacon

Street, in Boston, which was the property of the respondents, for an entire sum, furnishing both labor and materials. Previously to February 1, 1888, the petitioner had done the greater part of the plastering, and had received on account of the same $600, in two instalments. On February 1, 1888, the petitioner, having a promissory note to pay at a bank, applied to Wentworth for an additional payment on account, asking him if he could not help him out. Wentworth replied that he could not. The petitioner then asked him if he could not give him a promissory note for $800. Wentworth intimated that there might not be so much due; and the petitioner answered that, if there was not so much then due, there would be before the note matured, and Wentworth would get a payment from the owners of the building, which would enable him to pay the note. Thereupon Wentworth gave the petitioner his note for $800, dated February 1, 1888, payable to the order of the petitioner in two months. The petitioner on the same day indorsed the note, with other securities, to Waldo Brothers, and received $1,300 thereon. Waldo Brothers indorsed the note, and had it discounted at their bank. The day before the note matured Wentworth notified the petitioner that he would not be able to take up the note, and on the same day the petitioner informed Waldo Brothers of this fact, and at their suggestion gave them his own note for $850 to take up said note. The note for $800 has never been paid by Wentworth.

At the hearing before the auditor the counsel for the petitioner produced the note signed by Wentworth, and said, " I surrender the note to the court for the purpose of being cancelled, and of indicating that no obligation therein is claimed against Wentworth." The auditor returned the note with his report to the court.

The petitioner did not complete his contract until on or about April 25, 1888, though most of the work was done by March 31, 1888. The amount which the petitioner claimed to be due him was more than the amount of the note, and the note was not intended as a settlement of the whole amount due him. There was no express agreement made by the parties as to whether the note should or should not be considered a payment *pro tanto*. The debt on account of which the note was given was

for labor and materials, and at least $800 worth of labor had been performed or furnished, and that amount was, at the completion of the contract, due and unpaid, unless the note may have constituted a payment to that amount. The petitioner filed a statement of his claim of lien in the registry of deeds on April 30, 1888, which was within thirty days after the completion of the work; and no objection is taken to the statement.

It is agreed that if, upon the foregoing facts, and all the proper inferences therefrom, the petitioner is entitled to maintain his lien, and the note did not operate as a payment on the debt, judgment is to be entered for him for $800, with interest from April 30, 1888, and costs; otherwise, judgment is to be entered for the respondents, with costs.

The respondents asked the judge to rule as follows: " 1. The inference that the note given to the petitioner by Wentworth was not a payment is not a proper inference from the facts stated. 2. The inference that the petitioner, having negotiated and parted with the title to the note, was its owner, or in possession of it at the time of filing his statement of account in the registry of deeds, or filing his petition for enforcing his lien in court, is not a proper inference from the facts stated. 3. On the facts stated, the note was payment. 4. On the facts stated, the petitioner is not entitled to maintain his lien."

The judge declined to rule as requested, found that the note of February 1, 1888, was not payment, and that the petitioner's lien was established for $988.52; and ordered a sale of the premises with costs to the petitioner. The respondents alleged exceptions.

*G. W. Estabrook*, for the respondents.

*W. M. Stockbridge*, for the petitioner.

BARKER, J. It is conceded that the petitioner was entitled to have his lien established, unless barred by a note given to and negotiated by him, but which he had taken up before the completion of his contract, because of the inability of the maker to meet it at maturity, and which he produced and surrendered in court. The court below found that the note was not payment, and the respondents contend that the finding was not a proper inference from the facts stated, and also that, if the note was not payment when given, a finding that he was its owner at the

time of filing his statement of lien could not be properly drawn from the facts stated.

1. The finding that the note was not payment was abundantly supported by the circumstances stated in the agreed facts. Although the petitioner had received two payments upon account, his contract was for an entire sum, which, as the work was unfinished, was not yet due. In asking for the note he did not claim that its amount in addition to the payments had then been earned, and he asked to be helped out because he had himself a note to pay at bank on that day. If the transaction might not have been found to be a mere accommodation, the circumstance that he was secured by a lien which would *pro tanto* be extinguished if the note were payment, warrants the finding that it was not so intended. *Maneely* v. *M' Gee*, 6 Mass. 143. *Butts* v. *Dean*, 2 Met. 76. *Curtis* v. *Hubbard*, 9 Met. 322, 328. *Appleton* v. *Parker*, 15 Gray, 173. *Green* v. *Fox*, 7 Allen, 85, 87. *Tucker* v. *Drake*, 11 Allen, 145, 147. *Taft* v. *Boyd*, 13 Allen, 84. *Parham Sewing Machine Co.* v. *Brock*, 113 Mass. 194. *Lovell* v. *Williams*, 125 Mass. 439, 441. *Quimby* v. *Durgin*, 148 Mass. 104, 108. *Page* v. *Hubbard*, 1 Sprague, 335, 338. *Kidder* v. *Knox*, 48 Maine, 551, 555. *Mehan* v. *Thompson*, 71 Maine, 492. *Sweet* v. *James*, 2 R. 1. 270. The day of the maturity of the note was prior to the time of the expiration of his lien.

2. If the note was not payment when given, its negotiation by the petitioner, he having taken it up before filing his claim, and having surrendered it in court, does not bar his right to have his lien established. The respondents contend that there was not, and could not properly be, a finding that the petitioner had reacquired the note. But it is a proper inference from the agreed facts that he reacquired it on the day of its maturity, he having previously given to his indorsee his own note to take up the one in question, in consequence of a notification from the maker that he could not pay it. His right to have his lien established is not prejudiced by the fact that he had for a time parted with the note in accordance with an understanding of the parties. When, either under the Massachusetts rule or under the general mercantile law, a note payable at a future day is taken on account of a debt, but not as payment, the effect upon the right to enforce payment of the debt is the same.

The creditor cannot commence such proceedings until the note becomes due, and default is made in payment; *Stedman* v. *Gooch*, 1 Esp. 3; *Belshaw* v. *Bush*, 11 C. B. 191; *Putnam* v. *Lewis*, 8 Johns. 389; *Bottomley* v. *Nuttall*, 5 C. B. (N. S.) 122, 142, 144; *Currie* v. *Misa*, L. R. 10 Ex. 153, 163; *Sweet* v. *James*, 2 R. I. 270, 294; and there can be no recovery while the note is outstanding in the hands of a third person who has a right of action upon it; *Morton* v. *Austin*, 12 Cush. 389; *Price* v. *Price*, 16 M. & W. 232; *Kendrick* v. *Lomax*, 2 C. & J. 405; but it is sufficient if the plaintiff has the note in his possession at the commencement of his suit, and surrenders it in court at the hearing; *Price* v. *Price, ubi supra*; *Burdick* v. *Green*, 15 Johns. 247; *Sweet* v. *James*, 2 R. I. 270, 295; *Hughes* v. *Wheeler*, 8 Cowen, 77, 81; *Dayton* v. *Trull*, 23 Wend. 345; and the mere negotiation of the note does not put an end to the right of the creditor to assert that it was not payment. If, under some circumstances, the transfer of the note may be in bad faith, in the present case the facts shown make it apparent that the petitioner and the maker of the note understood that the former was to use it to raise money to meet his own note due on the day it was given, and this necessarily implied that it was to be negotiated. The reason upon which the Massachusetts rule is founded, which rule is only that without further evidence of intent than the giving and receiving a negotiable note for a simple contract debt we construe it to be payment, while the general commercial law does not, is for the protection of the debtor, who might otherwise be compelled to pay both the note and the debt. But full protection is given to him if, in the proceedings to enforce the original debt, it is shown that he has not paid the note, and that it is then owned by the creditor, and if it is surrendered in court for the benefit of the maker.

*Exceptions overruled.*