Mason *et al. v.* Douglas.

Filed April 26, 1893.

◆

No. 890.

## MASON ET AL. *v.* DOUGLAS.

APPEAL.—*Appellate Court Practice.*—*When Finding of Trial Court will not be Disturbed.*—A finding of the trial court will not be disturbed on appeal when the evidence is conflicting.

PAYMENT.—*Accepting Promissory Note on Pre-Existing Debt.*—*Presumption of Extinguishment.*—*How Rebutted.*—Where a promissory note, governed by the law merchant, is taken on an antecedent debt, the presumption of law arises that the antecedent debt has been extinguished thereby, and the note taken in payment, but this presumption may be rebutted by showing an agreement that the note should not operate as an extinguishment of the pre-existing debt, and the intention of the parties is a question of fact, and, if the legal presumption is overcome thereby, there should be a finding to that effect.

From the Gibson Circuit Court.

*C. A. Buskirk* and *J. W. Brady*, for appellants.

*W. D. Robinson, A. C. Twincham* and *L. W. Gudgel*, for appellee.

LOTZ, J.—The appellants sued the appellee in two paragraphs of complaint. The first on an account for building material alleged to have been sold and delivered by plaintiffs to the defendant, at an agreed price; and the second for the foreclosure of a statutory lien against the buildings and premises, where such materials had been used, and for which the same had been sold. The defendant answered:

Mason *et al. v.* Douglas.

1. A general denial. 2. Payment. 3. That the materials sued for were sold, not to the defendant, but to the Francisco Coal and Mining Company. There was a reply in denial, a trial by the court, a special finding of facts, and conclusions of law stated thereon. Appellants excepted to the conclusions of law, moved for a new trial, which motion was overruled. The exceptions to the conclusions of law, and overruling the motion for a new trial, are the errors assigned. So much of the special findings as are necessary to present the controverted questions may be stated as follows: Appellants were partners and dealers in lumber and building material. The Francisco Coal and Mining Company was a corporation engaged in mining coal. One Eckless Powell was the president and business manager of said company, and, as such, was desirous of having a number of dwelling houses erected on the lands of the defendant for the use of the employes of said company. In the construction of said dwelling houses, the said Powell also acted as the agent of the defendant. "The plaintiffs sold the lumber and materials to the defendant and said Francisco Coal and Mining Company, * * * and the plaintiffs charged the same on their books to the defendant and to said Francisco Coal and Mining Company."

On January 12th, 1891, there was a balance of $882.96 due plaintiffs, on accounts of the sale of said materials. On that day the plaintiff White and said Powell met at the office of said company for the purpose of making a settlement of their accounts. The defendant was not present at such settlement, although notice had been sent to him requesting his presence, but which he did not receive until afterward. Prior to that date Powell had informed plaintiffs that the defendant was not one of the purchasers of said material, but that the purchase was made solely by the coal company. The said plaintiff White, after making some inquiry as to the solvency of

said company, accepted, in settlement of said account, a promissory note executed by said Francisco Coal and Mining Co., for the sum of $882.96, payable to the order of plaintiffs, at the Farmers' Bank, Princeton, Indiana, due in sixty days after date. " The plaintiffs did not give Powell or said coal company any receipt showing payment of said bill, and there was no agreement between plaintiffs, the coal company, or Powell, that said promissory note should or should not be taken in payment of said account." Subsequently to the acceptance of said note the plaintiffs filed notice of their intention to hold a lien against the property of the defendant, for the amount due them on account of such material. Said Francisco Coal and Mining Company became insolvent, and failed to pay any of its unsecured creditors, and failed to pay said note executed by it to the plaintiffs, and said note still remains wholly unpaid.

The court stated the conclusions of law to be :

" *First.* That the promissory note, executed by said Francisco Coal and Mining Company, payable to the plaintiffs, is governed by the law merchant, and is negotiable as an inland bill of exchange.

" *Second.* That by the acceptance of said promissory note by plaintiffs, in the absence of any agreement to the contrary, the same amounted to a payment of the account sued on in this action.

" *Third.* That upon the facts shown the defendant is not liable, and the finding should be for the defendant."

Counsel for appellant vigorously attack the findings of the court, as not being supported by the evidence. We have examined the evidence, and find it in some respects conflicting. Under such circumstances this court will not disturb the finding of the trial court. The second conclusion of law, as stated by the court, is assailed as erroneous. The acceptance of a note, governed by the law merchant, executed either by the debtor or some third

person, is presumptively the extinguishment of an ante-cedent debt. *Nixon* v. *Beard*, 111 Ind. 137 ; *Teal* v. *Spang-ler*, 72 Ind. 380 ; *Krutsinger* v. *Brown*, 72 Ind. 466 ; *Hill* v. *Sloan*, 59 Ind. 181 ; *Schneider* v. *Kolthoff*, 59 Ind. 568 ; *Smith* v. *Bettger*, 68 Ind. 254 ; *Alford* v. *Baker*, 53 Ind. 279 ; *Max-well* v. *Day*, 45 Ind. 509. While this seems to be the settled law of this State, it is in violent contrast with the rule adopted by the English courts, the United States courts, and the courts of the States generally. The principle upon which the decision of those courts rests is that one execu-tory contract does not extinguish another for which it is substituted, unless it be the express agreement of the parties. Mr. Daniels, in his excellent work on Negotiable Instruments, section 1260, says: "It is to be regretted that any exception should be found in the adjudicated cases to the adoption of the principle so generally preva-lent and so well founded in reason. But the courts of Massachusetts, Maine, Vermont, Indiana, and Louisiana have held that the taking of a bill or note on an account of a precedent debt is to be presumed to be a satisfaction of it; but they admit parol evidence to rebut this presump-tion, by proof of an express or implied contract that the debt should only be suspended, not discharged. And when the old note is secured by mortgage the presumption of payment does not arise as in other cases. So if there be security for the old debt and it is retained."

Appellants do not controvert the rule announced by our Supreme Court, but contend that, notwithstanding such rule, it will not be presumed that the acceptance of a negotiable note is payment if the creditor would thereby be deprived of a substantial benefit or some other security, as in this case a lien given by statute, and that the pre-sumption of payment may be repelled by any circumstan-ces showing that such was not the intention of the parties. *The Kimball*, 3 Wall. 37 (45); *Curtis* v. *Hubbard*, 9 Met.

322; *Reeder* v. *Nay,* 95 Ind. 164. If this position be conceded, we are unable to see how it can avail the appellants in this court. The acceptance of the promissory note raised a presumption of payment. Such presumption may be overcome by countervailing evidence. If the other evidence gave rise to a counter presumption, the proper court to weigh and determine these conflicting presumptions is the trial court. Again, if the intention of the parties became material, it was a fact that should have been found like any other fact in the case. The findings are silent on this point. There is a finding, however, that there was no agreement that the note should or should not be taken in payment. If there was no agreement, then the presumption that the law raises must prevail. Under our decisions, when the note was accepted, this was a *prima facie* payment, and the burden shifted to the appellants to overcome it. If it was overcome, then there should have been a finding to that effect, that the parties did not intend that acceptance of the note should operate as payment. The law is deduced from facts, and not facts from the law. Whether or not the acceptance of the note constituted payment was a question of fact. The proper court to weigh the evidence and find the facts is the trial, and not the Appellate Court. We find no error in the record.

Judgment affirmed.

Filed April 27, 1893.