Bradway v. Groenendyke.

---

## BRADWAY v. GROENENDYKE ET AL.

[No. 18,551. Filed November 28, 1899.]

PAYMENT.—*Acceptance of Promissory Note.*—*Presumption.*—**The giving** of a promissory note, not governed by the law merchant, by a debtor to a creditor, affords no evidence that it was offered and accepted as payment; but where a note governed by the law merchant is thus given, it is *prima facie* evidence of payment, and must be accepted as conclusive, in the absence of any evidence that such was not the intention of the parties. *p. 510.*

SAME.—*Acceptance of Promissory Note.*—*Presumption.*—*Evidence.*— The presumption of payment which arises from the giving of a note governed by the law merchant may be rebutted by the circumstances attending the transaction. *pp. 510-512.*

SPECIAL FINDINGS.—*Cannot be Aided by Conclusions of Law.*—A special finding cannot be aided by the conclusions of law, nor can the Supreme Court supply the facts by intendment, where the finding sets forth merely evidence. *p. 512.*

PAYMENT.—*Acceptance of Promissory Note Made Payable to Creditor's Wife.*—*Special Findings.*—A special finding that a debtor gave to a creditor notes payable to his wife does not warrant the conclusion of law that the notes were given and accepted as payment, although the notes were payable in bank, as the creditor could not put them forth as commercial paper unless his wife indorsed them. *p. 513.*

From the Wayne Circuit Court. *Reversed.*

Bradway *v.* Groenendyke.

*M. E. Forkner* and *T. J. Study*, for appellant.

*Eugene Bundy* and *John M. Morris*, for appellees.

BAKER, J.—Complaint in two paragraphs, (1) to foreclose a laborer's lien, and (2) to set aside conveyances made by appellee James Groenendyke to certain co-appellees to defraud appellant. Answer of denial and payment. Special findings of facts and conclusions of law. Exceptions to conclusions by appellant. Motions for a *venire de novo* and for a new trial overruled.

As appellant recovered part of his debt and established his lien upon the factory and land, the material controversy involves only the question of payment. Concerning this, the special finding shows that appellee James Groenendyke (hereafter called appellee) owned and operated a factory from 1889 to 1896; that during that time appellant worked continuously as a laborer in appellee's factory under employment by appellee; that on January 1, 1893, an accounting showed that appellee owed appellant for labor $996.22; that on that day appellee executed notes for that amount payable to the order of appellant's wife at a bank in this State and delivered them to appellant; that there was no expressed intention or agreement between the parties as to the effect the delivery of the notes should have; that the notes were never delivered by appellant to his wife, but were retained by appellant until after appellee conveyed his property in 1896; that appellee did not know that the notes were not delivered by appellant to his wife until after the conveyances were made; that when the conveyances were made appellant had earned as wages since January 1, 1893, $1,195.37, and appellee had paid appellant $1,029.31. In his complaint, appellant sought to recover on his account for wages from 1889 to 1896 and brought the notes into court for cancelation. The question is, Does the finding support the conclusion and judgment that all of appellant's claim had been paid except $166.06?

Ordinarily, a promise to pay a debt is not a payment of the debt. But payment is a question of intention between the creditor and debtor; and there is no reason why a promissory note may not be given and accepted˙ as payment, as well as other kinds of property that are not money. "The word 'payment' is not a technical term; it has been imported into law proceedings from the exchange and‿ not from law treatises." 2 Greenleaf on Ev., §516. In this State, it is firmly established that a debtor's giving to his creditor a promissory note, not governed by the law merchant, affords no evidence that it was offered and accepted as payment; and that the giving of a promissory note, governed by the law merchant, is *prima facie* evidence of payment, which must be accepted as conclusive in the absence of any evidence that such was not the intention of the parties. *Maxwell* v. *Day*, 45 Ind. 509; *Keller* v. *Boatman*, 49 Ind. 104; *White* v. *Carlton*, 52 Ind. 371; *Alford* v. *Baker*, 53 Ind. 279; *Hill* v. *Sloan*, 59 Ind. 181; *Schneider* v. *Kolthoff*, 59 Ind. 568; *Smith* v. *Bettger*, 68 Ind. 254, 34 Am. Rep. 256; *Teal* v. *Spangler*, 72 Ind. 380; *Krutsinger* v. *Brown*, 72 Ind. 466; *Nixon* v. *Beard*, 111 Ind. 137; *Sutton* v. *Baldwin*, 146 Ind. 361.

The first case, *Maxwell* v. *Day*, supra, follows a number of Massachusetts decisions. In *Curtis* v. *Hubbard*, 9 Met. 322, that court, by Shaw, C. J., said that the rule "is founded on the consideration that, when a note is given for goods, even if it is not negotiated, it is equally convenient to the creditor (and generally more so) to sue on the note, as on the original consideration, and so there is no reason for considering the original simple contract as still subsisting and in force; and therefore a presumption arises that it was intended by the parties that the note should be deemed a satisfaction. But this is a presumption of fact, which may be rebutted by evidence showing that it was not so intended; and the fact that such presumption would deprive the party who takes the note of a substantial benefit, has a strong tendency

to show that it was not so intended." In *Quimby* v. *Durgin*, 148 Mass. 104, it was held that "the fact that, at the time the note was given, the petitioner had a lien and a claim against the respondent for all that was then due him, was a circumstance bearing upon the question whether he accepted the note as payment." In *Davis* v. *Parsons*, 157 Mass. 584, it was said that "if the transaction might not have been found to be a mere accommodation, the circumstance that he was secured by a lien which would *pro tanto* be extinguished if the note were payment, warrants the finding that it was not so intended." In *The Kimball*, 3 Wall. 37, one of the questions was whether or not the owner of the vessel had accepted the charterer's negotiable note as payment of the freight-money and thereby had lost his lien on the cargo. The case originated in the District Court for Massachusetts. The court, by Mr. Justice Field, said: "The rule in Massachusetts is an exception to the general law; but even there, as we have said, the presumption that the note was given in satisfaction of the debt may be repelled and controlled by evidence that such was not the intention of the parties, and this evidence may arise from the general nature of the transaction, as well as from direct testimony to the fact."

The same doctrine, namely, that whether or not the giving of a note is payment is a question of the intention with which it was given and accepted, that the giving of a negotiable note is only *prima facie* evidence of the parties' intention that it should be treated as payment, and that this *prima facie* evidence may be met not only by direct testimony, but also by circumstances from which a contrary intent may be inferred, is enunciated in *Jouchert* v. *Johnson*, 108 Ind. 436. In that case, it appeared in appellant's cross-complaint that he made a loan to a married woman and took the husband's negotiable note secured by the mortgage of the wife and her husband upon the wife's land. A demurrer had been sustained to the cross-complaint. In reversing that ruling, this court, by Mitchell, J.,

said: "The transaction is to be inspected in all its parts, and the intent of the parties, as discovered from all the circumstances, is to control in its interpretation. Thus it is uniformly held that the presumption of payment, which ordinarily arises from the giving of a note governed by the law merchant, will be controlled when its effect would be to deprive the party who takes the note of a collateral security or any other substantial benefit. In such cases the presumption of payment is rebutted by the circumstances of the transaction itself. 2 Daniel Neg. Inst. §§1260, 1266b, 1267; 2 Jones Mort., §924; *Reeder* v. *Nay*, 95 Ind. 164." This case, in effect, overturned the holding in *Smith* v. *Bettger*, on petition for rehearing, 68 Ind. 254, 262, 34 Am. Rep. 256, and in *Teal* v. *Spangler*, 72 Ind. 380, that only an express agreement of the parties—no circumstances attending the transaction—would be evidence against the rebuttable presumption of payment arising from the giving and acceptance of negotiable paper.

The finding in the present case states evidence, namely, the circumstance of the execution and acceptance of the notes, from which the trier might have found as an ultimate fact that appellee gave and appellant accepted the notes with the intention that they should be deemed a satisfaction of appellant's claim; and also evidence, namely, the circumstance that appellant's account for wages was protected by an inchoate laborer's lien, from which the trier might have found as an ultimate fact that the appellant did not accept the notes as payment and thereby waive his lien; but the finding is silent concerning the intention of the parties in giving and receiving the notes.

The finding can not be aided by the conclusions of law; nor may this court supply the facts by intendment where the finding sets forth merely evidence. *Kealing* v. *Vansickle*, 74 Ind. 529, 39 Am. Rep. 101; *Braden* v. *Lemmon*. 127 Ind. 9; *Craig* v. *Bennett*, 146 Ind. 574.

The case has been considered, so far, on the assumption that the finding shows that appellee gave appellant negotiable notes. These notes were payable in bank, but they were made payable to the order of appellant's wife. Appellant could not put them forth as commercial paper unless his wife indorsed them. She never did indorse them. At the time of the settlement, appellee delivered to appellant notes to which he could give a purchaser thereof, without action by a person who was not then consulted, only an equitable title at best. On the basis that appellee did not give appellant notes that he could then negotiate, the circumstance of their execution was no evidence that they were intended to be given and taken as payment.

The conclusions of law are not warranted by the finding of facts. But, as there was a defective attempt to cover the issue of payment, the order should be to grant a *venire de novo.*

Judgment reversed, with instructions to sustain the motion for a *venire de novo.*