## BEACH ET AL. v. HUNTSMAN.

[No. 6,081. Filed March 13, 1908. Rehearing denied April 8, 1908.
Opinion modified June 30, 1908.]

1. MECHANICS' LIENS.—*Accrual of Right to.*—When work is completed upon, or materials furnished for, a building, a right to a mechanic's lien accrues upon the filing of a proper notice. p. 209.

2. PAYMENT.—*Bills and Notes.—Evidence.*—The execution of a bankable note to the creditor, or, at his request, to a third person, for a preëxisting debt constitutes *prima facie* evidence of the payment of such debt. p. 209.

3. APPEAL.—*Weighing Evidence.—Bills and Notes.—Payment.*— Whether the *prima facie* evidence shown by the execution of a bankable note for a preëxisting debt has been rebutted, is a question for the trial court whose decision thereon, where the evidence conflicts, will not be disturbed on appeal. p. 209.

4. EVIDENCE.—*Payment by Note.—Rebuttal.—Loss of Collateral Security.*—The *prima facie* evidence of payment shown by the execution of a bankable note for a preëxisting debt is rebutted by proof that the acceptance thereof as payment would result in the loss of collateral security or other substantial benefit. pp. 209, 210.

5. PAYMENT.—*Notes.—Discharge of Liens.*—The taking of certain unsecured, bankable notes by a creditor, one of which notes was made payable to a third person, does not constitute payment of the preëxisting debt, where the effect is that the creditor's right to a mechanic's lien for such debt will be lost. p. 210.

6. PLEADING. — *Complaint.—Mechanics' Liens.—Foreclosure.—Contracts.*—In a suit to foreclose a mechanic's lien it is not necessary to show whether the contract for the labor or material furnished was oral or in writing, since the suit is not based upon such contract. p. 210.

7. MECHANICS' LIENS.—*Agency.—Evidence.*—Though a contract for the construction of a furnace for a house was made by a person in possession, the lienor may show that such person was an undisclosed principal, thus foreclosing the lien as to such principal. p. 211.

8. SAME.—*Basis for.*—Mechanics' liens are based upon statute and not upon contract. p. 212.

9. SAME.—*Personal Liability.*—A mechanic's lien may be enforced against the property benefited though there be no personal liability. p. 212.

10. EVIDENCE.—*Capacity of Similar Furnaces to Supply Heat.*—In a suit to foreclose a mechanic's lien for the installing of a furnace in a house, the defense being that such furnace did not supply

the necessary and warranted amount of heat, evidence that similar furnaces produced such amount is admissible to show the capacity of such furnace to furnish heat.   p. 212.

11.   EVIDENCE.—*Whether Witness Had Written Letter Upon Specified Subject.—Appeal.*—The admission of testimony of an alleged agent that she had written a letter to her principal "about having a furnace put in" does not constitute reversible error.   p. 212.

12.   SAME.—*Attorney's Fee.—Mechanics' Liens.—Notes.—Appeal.*—The admission of evidence of a reasonable attorney's fee in a suit to foreclose a mechanic's lien, and an action upon a note containing no provision for attorneys' fees is not reversible error, where no objection is made on appeal, as to the amount of such fee.   p. 213.

From Allen Circuit Court;  *E. O'Rourke,* Judge.

Suit by Wallace W. Huntsman against Magdalene Beach and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Breen & Morris,* for appellants.

*Aiken & Underwood,* for appellee.

WATSON, J.—Appellee filed a complaint, in two paragraphs, against appellants, to enforce a mechanic's lien, alleging, in substance, in the first paragraph, that on July 14, 1904, appellee entered into a contract with appellants to repair their dwelling-house, located on certain described lots in the city of Ft. Wayne, Indiana, by erecting a furnace, with all necessary connecting pipes and brick work, for $205; that appellee furnished said furnace and all pipes and material necessary to the same, and performed all labor required to erect said furnace; that at said time Magdalene Beach owned, and now owns, said real estate, but that Henry H. and Mary B. Lovell claim some interest therein by reason of a deed of said real estate to Mary B. Lovell, then Mary B. Hartnett; that said deed was executed without any consideration, and with the understanding that said Magdalene Beach should retain possession of, collect the rents from, and remain the owner of, said property; that said conveyance was for the purpose of enabling Magdalene Beach to refrain from encumbering said property for the

benefit of certain of her children; that at the time of making said contract, Magdalene Beach represented to appellee that she was the owner of said premises, and still claims to be such owner; that Mary B. and Henry H. Lovell have no interest therein; that on August 26, 1904, within sixty days from the time of furnishing said material and performing said labor, appellee filed notice of his intention to hold a mechanic's lien on said property, a copy of the notice being filed with the complaint as an exhibit; that a reasonable attorney's fee is $75; that the sum of $205, with interest and the attorney's fee, is due and wholly unpaid; that Frederick Beach claims some interest in said property, the nature of which is unknown to appellee. Prayer for a decree for $300 and costs, and that the property be sold to pay the same.

The second paragraph of the complaint alleges, in substance, that appellants own said real estate as tenants in common; that Magdalene Beach is in possession thereof and collects and uses the rents therefrom; that said appellants authorized Magdalene Beach to enter into a contract for the repairing of said property, by procuring a furnace therefor. The terms of the contract are set out, and a copy of the notice is filed as an exhibit.

Appellants answered: (1) General denial; (2) acceptance of the promissory notes in full payment; (3) that said furnace did not heat said house, or use coal economically as stipulated in the contract; (4) payment before this suit was instituted. A copy of the contract was filed with the answer as an exhibit.

Frederick Beach and Mary B. Lovell also filed a cross-complaint against appellee, alleging themselves to be the owners of said real estate, as tenants in common; that said pretended mechanic's lien was a cloud on their title, and praying to have the same quieted.

Appellee filed a general denial to the cross-complaint, and also a third paragraph of complaint, alleging, in sub-

stance, that prior to July 14, 1904, he entered into a contract with Magdalene Beach to place a furnace, and all necessary pipes and apparatus, in her dwelling-house, to be paid for in cash; that on July 14, 1904, she informed him that she could not pay cash, and then the written contract, exhibited with the answer and with this paragraph, was executed. The execution of notes provided for in the contract was alleged, and the averments of the first paragraph, describing the real estate, giving the reasons for the conveyance to Mary B. Lovell, and alleging that Magdalene Beach claimed to own said premises, were repeated, with the further allegation that said Magdalene Beach had not at the time of conveyance, nor since, nor has she now, property subject to execution to pay said debt.

The prayer of the third paragraph was that appellee have a decree for $300 and costs; that the deed to Henry H. Lovell and Mary B. Lovell be set aside as fraudulent, and that the indebtedness be declared a lien on said property. To the last paragraph appellants answered (1) general denial; (2) facts averring that said furnace did not heat the house and burn coal economically, as stipulated in the contract. Appellee entered a general denial to the special answer.

The cause was tried by the court, and a decree entered against appellants in the sum of $255, and ordering that the notes enumerated in the complaint, be canceled. The sum decreed was found to be a lien on said property, and said lien was ordered to be foreclosed by a sale of said property.

The only errors assigned and discussed were the overruling of appellants' separate motions for a new trial.

Appellants insist that the debt was merged in the notes executed by Magdalene Beach, and that the right to a mechanic's lien was thereby waived.

There was a conflict in the evidence as to whether the notes were taken in payment of the debt, or whether they were taken merely for the purpose of extending time for the payment thereof.

The evidence shows, without contradiction, that the first contract, under which the labor was performed and the material furnished, was an agreement whereby cash was

1. to be paid for the work and material at the completion of the work. Such payment was not made, and the right to a lien on the property, upon the performance of the statutory requirements, then accrued.

It is well settled in this State that if a debtor executes his note, governed by the law merchant, for a preëxisting debt, such note is only *prima facie* payment of the

2. debt. The inference of payment is not conclusive. It is rebuttable. *Davis & Rankin, etc., Mfg. Co.* v. *Vice* (1896), 15 Ind. App. 117; *Keck* v. *State, ex rel.* (1895), 12 Ind. App. 119; *Mason* v. *Douglas* (1893), 6 Ind. App. 558; *Bradway* v. *Groenendyke* (1899), 153 Ind. 508. Where the debtor, at the instance of the creditor, executes his note, negotiable by the law merchant, to a third person, the same rule prevails, and there is only a *prima facie* payment of the preëxisting debt. *Smalley* v. *Edey* (1857), 19 Ill. 207, approved in *Leake* v. *Brown* (1867), 43 Ill. 372.

Whether the *prima facie* evidence has been rebutted is a question for the trial court. Where the evidence

3. thereon is contradictory, the court on appeal will not intervene and weigh the same. *Mason* v. *Douglas, supra.*

If the presumption of payment deprives the party accepting the note of a collateral security, or some other substantial benefit, such circumstance rebuts the presump-

4. tion. *Scott* v. *Edgar* (1902), 159 Ind. 38; *Bradway* v. *Groenendyke, supra; Jouchert* v. *Johnson* (1886), 108 Ind. 436; *Moore* v. *Jacobs* (1906), 190 Mass. 424, 76 N. E. 1041; *Davis* v. *Parsons* (1893), 157 Mass. 584, 32 N. E. 1117; *Bryant* v. *Grady* (1903), 98 Me. 389, 395, 57 Atl. 92; *Bunker* v. *Barron* (1887), 79 Me. 62, 8 Atl. 253, 1 Am. St. 282.

The contract, after setting out the obligations assumed by appellee, provided:

"To be paid, $30 note payable in thirty days; $30 note payable in sixty days; $30 note payable in ninety days; one note payable to Schill Brothers Company for $100, payable five months from date."

This part of the contract sets out the agreement to execute notes. There is nothing therein to show that the notes were accepted as constituting payment in themselves. The further fact that one of the notes was made payable to the order of a third person shows that it was not intended that the execution of the notes should constitute payment. In the hands of appellee the note would not be available without the indorsement of such third person. For these reasons it is not to be presumed that the notes executed by Magdalene Beach were accepted by appellee as constituting payment of the debt. Such a presumption would deprive appellee of his right to a lien on the property in question. It is not in accord with good business, nor can it reasonably be supposed that the party accepting the unsecured notes did so in payment of the indebtedness. As a general rule the presumption of payment will be overcome by the very fact that the acceptance of such unsecured notes, as such, would deprive the creditor taking the same of the benefit of the lien given him by the statute. *Scott* v. *Edgar, supra; Bradway* v. *Groenendyke, supra; Bryant* v. *Grady, supra.*

Appellants also insist that there was a fatal variance in that the complaint does not aver a written contract, when, in fact, there was a written contract between the parties. The suit is not on the contract. It is to foreclose a mechanic's lien. There must be a contract, express or implied, with the owner of the property, or the agent thereof, in order to give the right to a lien thereon,

but it is immaterial, in the absence of statutory requirement, whether such contract be verbal or written. *Siegmund* v. *Kellogg-Mackay-Cameron Co.* (1906), 38 Ind. App. 95; *Great Western Mfg. Co.* v. *Hunter Bros.* (1883), 15 Neb. 32, 16 N. W. 759; 2 Jones, Liens (2d ed.), §1236.

The complaint averred a contract, and set out the terms thereof. The right to a lien can be exercised, provided there has been a contract under which an indebtedness was incurred. As has been shown, there was a contract under which the material was furnished and the labor performed before the instrument, which appellants exhibit, was executed.

It is urged, further, that the decree is contrary to law, because the material averments of the complaint are not supported by evidence. A careful reading of the transcript discloses that the testimony was very contradictory. But there is evidence to show that although Magdalene Beach had conveyed her interest in the property to Mary B. Lovell, she (Magdalene Beach) was in possession of the property, renting the same, collecting the rents, contracting for improvements, and paying for the same out of the rental money; that she was authorized to do so by Mary B. Lovell; that there had been conversations between Magdalene Beach and Mary B. Lovell pertaining to the installing of a new furnace; that after such furnace was erected there was no objection made by those holding the title to the property, but they urged her not to pay for it until it was shown whether it would furnish heat as agreed.

The testimony supports the conclusion that Magdalene Beach was the agent of those holding the legal title to the property in question, and although the contract was executed without the designation of such agency, it was, in fact, executed by Magdalene Beach as agent for her coäppellants. Being an agent of the owners of the property, and author-

ized to make contracts for the improvement thereof, a lien will attach to said property for material furnished and labor performed, not by reason of the contract, for the lien is not the creature thereof, but it is by virtue of the statute. *Vail* v. *Meyer* (1880), 71 Ind. 159; *Clark* v. *Huey* (1895), 12 Ind. App. 224.

It has been held repeatedly in this State that, even though there be no personal liability for the indebtedness, the property will be liable to a mechanic's lien. *Brigham* v. *Dewald* (1893), 7 Ind. App. 115; *Gortemiller* v. *Rosengarn* (1895), 103 Ind. 414; *Dalton* v. *Tindolph* (1882), 87 Ind. 490.

Objection is also made to the admission of evidence to show that other furnaces, installed by appellee, furnished heat satisfactorily. There was testimony to the effect that the furnace did not supply heat as agreed. The evidence objected to was properly admitted to show the capacity of the furnace to furnish the guaranteed amount of heat. *Baber* v. *Rickart* (1876), 52 Ind. 594; *National Bank & Loan Co.* v. *Dunn* (1886), 106 Ind. 110; *Avery* v. *Burrall* (1898), 118 Mich. 672, 77 N. W. 272; *Blackman* v. *Collier* (1880), 65 Ala. 311; *Shute* v. *Exeter Mfg. Co.* (1897), 69 N. H. 210, 40 Atl. 391; *Davis's Sons* v. *Sweeney* (1890), 80 Iowa 391, 45 N. W. 1040; 11 Ency. Evidence, 812.

Appellants also insist that there was error in allowing appellee to ask Magdalene Beach whether she had written a letter to Mary B. Lovell, "about having a furnace put in." The objection, as shown by the transcript, was that it was not competent, in an action to set aside a conveyance, to prove the contents of a written instrument by parol. Appellants cite no authority. The question was not directed to the contents of the letter, but pertained to the fact whether a letter touching upon such subject-matter had been written. There was no reversible error in overruling the objection.

There is the further objection that it was error to allow one Dreibelbiss to testify as to a reasonable attorney's fee in the case, the witness being a practicing attorney. Appellants insist that the testimony covered the services rendered both in the foreclosure suit and in an action on the notes. The question asked was directed specifically to what constituted a reasonable fee in an action to foreclose a mechanic's lien, the services rendered being enumerated. Appellee was entitled by statute (§8307 Burns 1908, Acts 1883, p. 140, §14) to prove a reasonable attorney's fee in the cause of action alleged in the first and second paragraphs of the complaint. In view of the fact that the reasonableness of the fee is not questioned, the objection raised by appellants is not sufficient to justify a reversal of this cause.

There was no evidence of fraud in the conveyance by Magdalene Beach of her interest in said property to Mary B. Lovell, and hence the propositions discussed by appellants pertaining thereto need not be considered here.

We find no reversible error on the part of the court below. Judgment affirmed.