[Blackman v. Collier.]

# Blackman *v.* Collier.

*Action on Common Counts, for Price of Machinery.*

65   311
98   290
65   311
132   487

1.  *Experts; opinion as evidence.*—In an action to recover the price of machinery sold by plaintiffs to defendant, a material inquiry being as to the value of the machinery, its correspondence with plaintiffs' representations, and its capacity to accomplish given results, the opinion of experts, having peculiar knowledge of such and similar machinery, is competent and admissible evidence.

2.  *Relevancy of evidence as to value and capacity of machinery.*—A material inquiry being as to the value and capacity of certain machinery, sold by plaintiffs to defendant, a witness who had practical knowledge of the operation and capacity of similar machinery, which he thought was superior, may state that its capacity was not equal to the representations made as to that in controversy; and if the two machines, or kinds of machinery, are similar in character, having a like combination of properties and qualities, and designed to accomplish like results, it is not necessary that they should be precisely alike in all respects, to render the evidence admissible.

APPEAL from the Circuit of Pike.

Tried before the Hon. JOHN K. HENRY.

This action was brought by Benjamin F. Blackman, Green W. Blackman, and John C. Blackman, against Thomas A. Collier, to recover the price of certain machinery, alleged to have been sold by plaintiffs to defendant in January, 1878; and was commenced on the 7th August, 1879. The defendant pleaded the general issue, want of consideration, failure of consideration, and the non-delivery of the machinery; and issue was joined on these several pleas. On the trial, as the bill of exceptions states, the plaintiffs proved the sale of the machinery, and the agreed price; and two of them testified, as witnesses for themselves, "that there was no warranty of the machinery—that they told defendant what they thought it would do, and that it would, when properly adjusted, gin four bales of cotton in a day"; also, that they offered to test it in the defendant's presence, but he declared it was unnecessary to do so, as he was satisfied without testing it, and said that he would send his wagon and haul it away. The defendant testified, as a witness for himself, that he did not purchase the machinery absolutely and unconditionally, but agreed that he would buy it if one Robert Watson would take an interest in it jointly with him, and that said Watson refused to do so. He proved, also, by other witnesses, that some of the timbers belonging to the machinery, or connected with it, were hauled away and used

[Blackman v. Collier.]

by the plaintiffs, or some of them, or with their knowledge and consent, after the alleged sale. The machinery seems to have been a supposed improvement for ginning cotton, and there was some talk about applying for a patent for it. Grant Watson, a witness for the defendant, testified that Benjamin F. Blackman, one of the plaintiffs, "had built a machine for a brother of witness, which he (Blackman) said he thought would be an improvement on the machine in controversy; that said machine was of a similar character, but was not like it in all its parts, and was geared differently, though of the same general.description; and that it did not come up to the representations made by said Blackman. The plaintiffs objected to this evidence, on the ground that it was about a machine of different construction, and was not relevant in this case." The court overruled the objection, and admitted the evidence; and the plaintiffs excepted. This ruling of the court, with others, which require no special notice, is now assigned as error.

N. W. GRIFFIN, for appellants.

BRICKELL, C. J.—An important inquiry on the trial was the real value of the machinery averred to have been sold by the plaintiffs to the defendant, its correspondence with their representations, and its capacity of accomplishing the results they stated it could accomplish. The opinion of experts— of those having peculiar knowledge of the value of such machinery, of its capacity and operations—was admissible. The operations of other similar machinery, so far as known to them, they could state, so as to enable the jury to determine the inquiry they were making. Though the machine of which the witness Watson testified, was not in all its parts like the machine sold to the defendant, and was geared differently, it was similar in character. It had, as we understand the evidence, a like combination of properties and qualities, and was designed to accomplish the like results. In the opinion of the witness, it was an improvement upon the machine, the price of which was sought to be recovered. That this machine was not equal to the representations made of that which was sold, was relevant evidence. Its weight may be affected by the differences between the two machines, but not its admissibility.

We have examined the instructions given to the jury, to which exceptions were taken, and are of the opinion that, when construed in the light of the evidence. they furnish no cause of reversal.

The judgment is affirmed.