## DOGGETT, BASSETT & HILLS CO. *v.* BLACK *et al.*

(*Circuit Court, D. Indiana.* November 8, 1889.)

ATTACHMENT—DELIVERY BOND.

    Accidental destruction of the property by fire is no defense to an action on the delivery bond authorized by Rev. St. Ind. § 924, providing that defendant in attachment may keep the property by executing an undertaking that the property shall be properly kept and taken care of, and shall be delivered on demand to satisfy judgment, or that he will pay the appraised value of the property.

At Law.

*Morris, Newburger & Curtis,* for plaintiff.

*Claypool & Ketcham,* for defendants.

GRESHAM, J. The plaintiff, the Doggett, Bassett & Hills Company, brought a suit in attachment in this court against the defendant William D. Black, to recover a debt, and on the 1st day of November, 1883, the marshal, under the writ which had issued to him in the suit, seized a stock of dry goods, the property of Black. Black executed a delivery bond, in which his co-defendant in this suit joined as surety, and the goods remained in Black's possession. The obligation of the bond was that the attached property "shall be delivered up to said marshal * * * upon demand, when said officer may be ready to receive the same, in as good condition as the same is at this date, to be sold by said marshal by virtue of any execution or judgment which may be rendered in said action against said Black. Further, that said Black may sell said property at private sale, and when so sold shall pay the cash value thereof to said marshal, to be applied on said execution." The goods were afterwards destroyed by fire, without fault or negligence on Black's part, and on the trial of the suit the plaintiff obtained judgment for $2,222, and the attachment was sustained. Not being able to get the attached goods or other property on demand, to satisfy the execution that had issued to the marshal, he returned it unsatisfied, and this suit was brought on the bond against the principal and surety. The latter answered in several paragraphs, in the second of which he averred the loss of the property, as already stated, to which the plaintiff demurred.

    Section 924 of the Revised Statutes of Indiana provides that "the defendant or other person having possession of property attached may have the same, or any part thereof, delivered to him by executing * * * a written undertaking, * * * payable to the plaintiff, to the effect, that such property shall be properly kept and taken care of, and shall be delivered to the sheriff on demand, * * * to satisfy any judgment which may be recovered against him in the action, or that he will pay the appraised value of the property." The defendants were not prevented from fulfilling their obligation by the act of God, or the conduct of the plaintiff; its fulfillment was not made impossible by law; and the attachment was not dissolved. The sole ground of defense set up in the paragraph of the answer demurred to is that the attached property was

destroyed by accidental fire. That was not an act of God, and the court is not called upon to decide what the effect would have been had the fire started by lightning or by some other superhuman agency. The defendants' counsel insists that a delivery bond, executed in an attachment suit, is not an absolute contract for the return of the property on demand or the payment of its value; but that the purpose of the statute is that the defendant shall be permitted to retain possession of the property by giving a bond with surety that he will care for and keep it just as the officer would be required to care for and keep it if it remained in his possession, and that the liability of the latter is that of a bailee for hire only. If property in the custody of an officer under a writ of execution or attachment is lost or damaged while he is exercising that degree of care over it which is required of a bailee for hire, he is not liable. Authorities need not be cited in support of this proposition. But the relation that an officer sustains to property, thus in his custody, is not the relation that a defendant in attachment sustains to his own property after the execution of a delivery bond. The officer simply holds the property of the defendant to satisfy any judgment that may be obtained by the plaintiff, while the defendant retains possession of his own property for his own benefit, with the same power and dominion over it, including the right to sell, that he had before the levy of the attachment. The obligation of a delivery bond is that the defendant, the owner of the property, will properly keep and take care of it, and deliver it to the officer on demand, or pay its value at the time the bond is executed. If only part of the attached property is delivered to the officer, or if it is all delivered, but in a damaged or depreciated condition, the defendant and his surety in the bond are liable for the loss. If the property had remained in the custody of the marshal, and the attachment had failed, it would have been no defense, to an action on the attachment bond executed by the plaintiff, to have averred that the property had been destroyed by accidental fire while in the custody of the marshal, and it is equally clear that the averments contained in the second paragraph of the answer constitute no defense to the action. There is a wide difference between the possession of an officer, who levies on property under a writ of attachment and holds it for a particular purpose, and the possession of a defendant in an attachment suit of his own property after the execution of a delivery bond, and it does not follow that because the possession and liability of the former is that of a bailee for hire only the liability of the latter is the same. If the defendants' counsel are correct, a delivery bond is a mere contract of bailment, and the defendant in the action becomes bailee of his own property. Demurrer sustained.