(88 South. 650)

### TENNESSEE COAL, IRON & R. CO. v. CARSON. (2 Div. 758.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Evidence ⬅️588—Verdict cannot rest on evidence of physically impossible fact.**

In an employee's action for injuries, where the evidence and photographs of an engine show that it was physically impossible for any part of the engine automatically moved through a leaking valve to have struck and injured plaintiff while standing where he testified he was standing, the physical facts necessarily refute the testimony to the contrary, however explicit or affirmative, and require reversal of a verdict for plaintiff.

**2. Evidence ⬅️527—Qualified machinist or operative may testify to cause of automatic movement of machinery.**

A machinist or practical operative having sufficient qualifications may give his opinion that the automatic movement of machinery was due to a leaking steam valve.

**3. Master and servant ⬅️270(13)—Conversation between representatives of employer held admissible to show notice of defect, but not to establish its existence.**

In an employee's action for injuries, evidence of a conversation between the employer's superintendent and the defendant's head machinist, who were plaintiff's superiors, and the employer's representatives, showing that they recognized and commented upon the existence of a leaking throttle valve of an engine, was admissible to show their knowledge of

such defect, and hence to impute such knowledge to the employer, but was not admissible as original evidence of the existence of the defect.

Appeal from Circuit Court, Bibb County; Lloyd Tate, Judge.

Action by W. J. Carson against the Tennessee Coal, Iron & Railroad Company for damages for personal injury suffered while in its employment. From a judgment for plaintiff and denial of a motion for new trial, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

The first four grounds of motion for new trial are that the verdict of the jury was contrary (1) to the weight of the evidence; (2) to the preponderance of the evidence; (3) to the great preponderance; and (4) to the overwhelming weight of the evidence.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

The motion for new trial should have been granted, on the ground that the verdict was contrary to the great weight of the evidence. 189 Ala. 662, 66 South. 627; 181 Ala. 565, 61 South. 914; 171 Ala. 294, 54 South. 626; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998. The statement made in the conversation between two of the employees of the defendant was clearly not a part of the res gestæ, and not binding on defendant. 48 Ala. 15; 90 Ala. 80, 8 South. 90, 9 L. R. A. 442, 24 Am. St. Rep. 764; 196 Ala. 59, 71 South. 990. Substantial disputed facts cannot be proven by hearsay. 159 Ala. 361, 48 South. 696.

Frank S. White & Sons, of Birmingham, and Jerome T. Fuller, of Centerville, for appellee.

Court properly overruled motion for new trial. 92 Ala. 630, 9 South. 738; 50 South. 316. Counsel discuss other assignments of error, but in view of the opinion it is not deemed necessary to here set them out.

McCLELLAN, J. Action by employee (appellee) against the employer (appellant) to recover damages for personal injuries. The complaint was drawn to state a cause of action under subdivision 1 of our Employers' Liability Act (Code, § 3910); the defect in the ways, works, machinery, or plant being described as a leaking throttle valve in a stationary hoisting engine of which plaintiff was in charge as engineer at the time he was injured. The issues on the trial resulted from general traverses of the averments of the counts and from pleas of contributory negligence, together with a special replication asserting knowledge of the defect attributable to the defendant.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The court erred in not granting the motion for new trial; and so with particular reference to grounds 1 to 4, inclusive, whereby invalidating inconsistence between the evidence and the verdict is averred. The engine was fully described in the evidence, including photographs of three views of it. The plaintiff testified that, when from a state of rest the engine automatically made a revolution or two, some part of the engine struck his leg and severely wounded him while he was standing on the floor beside the frame supporting and outlining the base of the engine, and that his legs were not in or over any part of the engine or the frame base of the engine. If this was plaintiff's position at the time, it was physically impossible for the connecting rod or any other part of the engine, automatically moved through the leaking valve, to have struck and injured him below the knee. The physically impossible necessarily refutes asseverations to the contrary, however explicit or affirmative. Peters v. Southern Ry., 135 Ala. 533, 33 South. 332, and subsequent pronouncements in its line.

[2] A machinist or practical operative of the expert qualification the court was justified in finding this plaintiff possessed may give his opinion of the cause of certain effects, may testify that the automatic movement of the machinery was due to a leaking steam valve. 3 Chamberlayne, Mod. Ev. § 2406 et seq.; 5 Encyc. of Evi. pp. 569-571; Cochrell v. Langley Co., 5 Ga. App. 317, 63 S. E. 244, 248, headnote 4; Ala. Coal, etc., Co. v. Pitts, 98 Ala. 285, 13 South. 135; Houston Biscuit Co. v. Dial, 135 Ala. 168, 33 South. 268. See, in this connection, elaborate annotations in 51 L. R. A. (N. S.) 565-582.

[3] The recital by plaintiff, testifying in his own behalf, of a conversation between defendant's superintendent (Stewart) and the defendant's head machinist (Sims), in the place where the engine was located and then under observation, in which these superiors of plaintiff were said by the witness to have expressly recognized and commented upon the presence of a leaking throttle valve that the plaintiff contends the next day caused the engine to automatically revolve, to his immediate injury, was admissible to show knowledge on the part of these superior representatives of the employer of the defect averred, and hence to impute such knowledge to plaintiff's employer, the defendant; but this conversation was not admissible as original evidence of the existence of the defect; that essential fact could not be so proven. From this record we understand plaintiff to have testified to the existence of the defect averred, though there is in his testimony expression reflecting upon or qualifying that broad effect of his testimony. In 44 L. R. A. (N. S.) 1050 et seq., may be found an en-

lightening annotation of the cases treating the evidential essentials to establish prima facie the existence of a defect in machinery that because of such defect, starts automatically.

For the error committed in overruling the motion for new trial in respect of the grounds indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.